UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DR. FRANCIS JONES,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA EX REL. BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS, SCHOOL OF DENTAL MEDICINE, *et al*.,<br><br>    Defendants. | Case No. 2:14-cv-01930–APG–NJK<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND (3) GRANTING DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE**<br><br>(ECF Nos. 12, 18, 25) |

    Dr. Francis Jones served as Director of Continuing Education for the University of Nevada, Las Vegas, School of Dental Medicine from 2011 through 2014. During this time, he received unfavorable performance evaluations and took leave under the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601, et seq. Three months after taking FMLA leave, the University terminated his directorship and returned him to his previous position as an assistant professor. Five months later, Jones filed this lawsuit alleging that the University interfered with his FMLA rights.

    Jones seeks summary judgment because it is undisputed that he took FMLA leave and lost his directorship three months later. The University also moves for summary judgment, arguing that its decision to terminate Jones's directorship is causally unrelated to Jones's decision to take FMLA leave.[1]

    I grant the University's motion to amend the scheduling order because denial of the motion would result in an unnecessary trial and waste judicial resources. I deny Jones's motion

---

[1] Because the University moved for summary judgment after the dispositive motion deadline, it seeks to amend that deadline so that I may consider its motion. ECF No. 25.

1  for summary judgment because he lacks evidence to show a causal connection between his use of
2  FMLA leave and the adverse employment action.  I also grant the University's motion for
3  summary judgment because it is undisputed that Jones received unfavorable performance reviews
4  and his directorship was terminable at the University's discretion "without cause."

**I.   BACKGROUND**

Jones began teaching at the University on July 1, 2005, first as a part-time instructor and later as a full-time, non-tenure track assistant professor. ECF No. 18-1 at ¶¶ 5, 6.  In June 2011, the University offered him a one-year administrative appointment as the Director of Continuing Education, with an additional $7,000.00 in compensation. *Id*. at ¶ 7.  The Director of Continuing Education serves at the University's discretion and can be terminated at any time "without cause." *Id*. at Ex. A-4.

In 2012, Jones received an unfavorable performance review, which stated that he had trouble communicating with his colleagues, was reactive rather than proactive, and struggled with organizational and follow-up skills. ECF No. 18-2 at ¶ 5.  One year later, Jones received an "unsatisfactory" performance review, which stated this his communication skills had deteriorated and he had failed to follow his superior's directions. *Id*. at ¶ 6.

One month later, Jones placed a document in a visiting faculty member's office that contained that faculty member's salary, title, and multiple pictures of Bozo the Clown. ECF No. 18-1 at ¶ 10.  When confronted about the document, Jones admitted that he created it and put it in the professor's office as a "gag." *Id*.  As a result, the University issued Jones a Letter of Instruction explaining that his conduct was unprofessional. *Id*. at ¶ 11.

In January 2014, Jones took intermittent FMLA leave to care for a family member. ECF No. 12-1.  Three months later, the University terminated his directorship, effective May 1, 2014. ECF No. 12-4.  The letter noted "numerous" concerns with his performance, as documented by his annual reviews. *Id*.  The letter also said that Jones would return to a full-time teaching position as an assistant professor in residence. *Id*.  Five months later, Jones filed suit against the University, alleging that the University unlawfully interfered with his FLMA leave.

1  **II.     MOTION TO AMEND**

2     Jones argues that the University's motion for summary judgment should be denied

3  because it is untimely. In response, the University moves to amend the discovery plan and

4  scheduling order so that I may consider the untimely motion.

5     Generally, a discovery plan and scheduling order cannot be modify without good cause

6  and a showing that the party seeking amendment was diligent. *See* Fed. R. Civ. P. 16; *Johnson v.*

7  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the scheduling order set

8  August 14, 2015 as the dispositive motion deadline. ECF No. 10 at 2. Both parties missed this

9  deadline and filed documents on August 15, 17, 18, and 21. *See* ECF Nos. 12, 13, 14, 18. Under

10 these circumstances, good cause exists to consider the untimely filed motions because denial of

11 the motions would result in an unnecessary trial and, therefore, waste judicial resources. *See*

12 *Dayton Valley Inv'rs, LLC v. Union Pac. R. Co.*, 664 F. Supp. 2d 1174, 1179 (D. Nev. 2009)

13 (citing Fed. R. Civ. P. 1). I therefore grant the University's motion to amend and consider both

14 parties' motions.

15 **III.    SUMMARY JUDGMENT MOTIONS**

16    Summary judgment is appropriate if the pleadings, discovery responses, and affidavits

17 demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to

18 judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the

19 outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

20 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict

21 for the nonmoving party." *Id*.

22    The party seeking summary judgment bears the initial burden of informing the court of the

23 basis for its motion and identifying those portions of the record that demonstrate the absence of a

24 genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden

25 then shifts to the non-moving party to go beyond the pleadings and set forth specific facts

26 demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato*

27 *Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the

28

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Authentication & Supplementation

Jones argues that the University's exhibits should be stricken because the University failed to authenticate its exhibits as required by *Orr v. Bank of Am.*, 285 F.3d 754 (9th Cir. 2002). Jones is mistaken. The University's motion for summary judgment contains two affidavits that authenticate the attached exhibits, as required by *Orr*. *See* ECF No. 18 at Ex. A (West Aff.), Ex. B (Skelton Aff).

Jones next argues that the University's exhibits should be excluded because they were produced after the close of discovery. Jones is, again, mistaken. The University disclosed the documents in September 2014. *See* ECF No. 24 at 5–6. Even if the disclosures were late, Jones failed to argue that the University's alleged failure to comply with the discovery rules was prejudicial, disrupted trial, or the result of bad faith. *See* Fed. R. Civ. P. 37(c)(1); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). I will therefore consider the University's exhibits when examining the parties' motions for summary judgment.

### B. Merits

The FMLA provides job security to employees who must be absent from work up to 12 weeks because of serious health conditions. 29 U.S.C. § 2612. It is a violation of the FMLA for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [this act]." 29 U.S.C. § 2615. Courts have recognized two separate causes of action on FMLA claims: (1) retaliation or discrimination and (2) interference. *See Sanders v. City of Newport*, 657 F.3d 772, 777 (9th. Cir. 2011).

However, "complaints alleging adverse employment actions taken against employees because they have used FMLA leave" are construed as "claims of interference" rather than "claims of retaliation or discrimination." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To state a claim for FMLA interference, a plaintiff must demonstrate that (1) he

took FMLA leave, (2) the defendant subjected him to an adverse employment action, and (3) the adverse action was causally linked to the FMLA leave. *Id*. at 1124–25.  Stated differently, a plaintiff "need only prove by a preponderance of the evidence that [his] taking of FMLA-protected leave constituted a negative factor in the decision to terminate [him]." *Id.* at 1124.

The parties agree that Jones satisfied the first element because he took FMLA leave beginning on January 13, 2014.  Jones argues that he suffered an adverse employment action because he received an unfavorable performance evaluation only after he took FMLA leave, at which point he was demoted.  *See* ECF Nos. 12 at 5:10–11; 23 at 7:8–10.  The University denies that Jones suffered an adverse employment action because his position as the director could be terminated "without cause."  The University also denies that Jones's decision to take FMLA leave constituted a negative factor in the decision to terminate his directorship.

Even viewing the facts in the light most favorable to Jones, the facts support the University's contention that Jones's FMLA leave did not constitute a negative factor in the decision to terminate him.  Jones presents no direct evidence that the University removed him from his position as the director because he took FMLA leave.  The only evidence Jones offers is the proximity in time between his leave and his demotion.  Although temporal proximity may support the causation element to an FMLA interference claim, "[g]enerally, more than a temporal proximity between protected activity and termination is required to present a genuine issue of fact for trial." *Malloy v. U.S. Postal Serv*., 756 F.3d 1088, 1091 (8th Cir. 2014) (Colloton, J.).

Additionally, if an employee suffers an adverse employment action after taking FMLA leave, the employer must prove that the employee would have been dismissed regardless of the employee's request for, or taking of, FMLA leave. *Sanders v. City of Newport*, 657 F.3d 772, 780 (9th Cir. 2011) (citing 29 C.F.R. § 825.214).  The University satisfies this burden by showing that Jones received unfavorable performance evaluations, acted unprofessionally on several occasions, and could be removed without cause. *See, e.g.*, ECF No. at Ex. A-2, A-7, B-1.  Jones asserts various arguments to show that his unfavorable performance evaluations were pre-textual, that his directorship should not have been terminated because he was beating the University's

expectations, and that he was actually terminated because he took FMLA leave. *See, e.g.*, ECF No. 27 (discussing some of Jones's successes and alleging that the University was "in reality" attempting to fulfill the director's duties without Jones's involvement). However, Jones's subjective belief is insufficient to survive summary judgment. And any evidence showing that he may have beaten some of the University's expectations is immaterial because he served as the director at the University's discretion and there is no evidence of pretext.

Because the evidence shows that Jones's decision to take FMLA leave did not constitute a negative factor in the University's decision to terminate his directorship, Jones's FMLA claim fails as a matter of law. As a result, I do not need to address the parties' arguments regarding whether the termination of his directorship constituted an adverse employment action.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the University of Nevada, Las Vegas, School of Dental Medicine's **motion to amend the scheduling order (ECF No. 25) is GRANTED**.

IT IS FURTHER ORDERED that the plaintiff Dr. Francis Jones's **motion for summary judgment (ECF No. 12) is DENIED** and defendant University of Nevada, Las Vegas, School of Dental Medicine's **motion for summary judgment (ECF No. 18) is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment in favor of the University of Nevada, Las Vegas, School of Dental Medicine's and against Dr. Francis Jones.

DATED this 6th day of September, 2016.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE